UNITIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARYAM SAYIGH,                                            CV No.: 11-1453(RA)

                            **Plaintiff,**
  -against-
**PIER 59 STUDIOS, L.P. and FEDERICO PIGNATELLI,**

                            **Defendants.**
-------------------------------------------------------------------------X

## DECLARATION OF ALAN SERRINS
## IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE

Alan Serrins, an attorney duly admitted to practice law in the United States District Court, Southern District of New York, affirms the following pursuant to the penalties of perjury:

1. I am a member of the firm Serrins Fisher LLP, attorneys for Plaintiff Maryam Sayigh (hereafter, "Plaintiff"), and as such I am fully familiar with the facts and circumstances recited herein.

2. This declaration is made in support of the Plaintiff's motion to vacate, in part, an arbitration award concerning Attorney's Fees, which was issued after Plaintiff was determined a prevailing party following an arbitration proceeding held before the American Arbitration Association.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the Award of the Arbitrator dated March 12, 2014.[1]

4. Attached hereto as **Exhibit 2** is a true and correct copy of the Award dated May 27, 2014 issued by Arbitrator Ira Cure (i.e. the Attorneys' Fee Award). As indicated below and argued in more detail in the annexed memorandum of law, Plaintiff seeks modification the rulings contained in this portion of the Arbitration Award.

---

[1] Because Plaintiff does not challenge the preliminary award, the opinion upon which the Award is based is omitted from this petition.

5. Attached hereto as **Exhibit 3** are true and correct copies of contemporaneous billing records as well as invoices for recorded costs incurred on this matter. These materials were submitted to Arbitrator Cure as part of Plaintiff's Attorneys' Fee Application. Plaintiff respectfully requests that this Court grant leave to file this exhibit under seal pursuant to the Confidentiality Stipulation "So Ordered" by the Honorable Robert W. Sweet on January 25, 2014, due to the confidential nature of its contents.

6. Attached hereto as **Exhibit 4** is a true and correct copy of the Order by the Honorable Ronnie Abrams dated May 10, 2013, which stayed the federal court action and compelled arbitration.

7. Attached hereto as **Exhibit 5** is a true and correct copy of an email dated May 20, 2014, which reflects Arbitrator Cure's request for and Plaintiff's transmittal of PDF copies of all transcripts from the five days of the Arbitration.

8. As argued in depth in the annexed Memorandum of Law in Support of the Motion to Modify the Arbitrator's Rulings, Plaintiff respectfully requests that the Court vacate the Attorneys' Fee Award. This petition is based on the gross errors contained in the Attorneys' Fee Award, which necessitates an Order of vacatur pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4).

9. Specifically, the Arbitrator divested Plaintiff of her statutory rights by disregarding explicit, well-defined rules of law requiring an arbitrator to award the prevailing party fees for the time spent preparing a fee application.

10. The Arbitrator also abused his discretion by failing to award costs traditionally reimbursed to prevailing plaintiffs. In addition, he failed to award interest even though Plaintiff's counsel has been out-of-pocket for the costs incurred in this case for a substantial period of time.

11. Finally, the Arbitrator unjustifiably imposed a drastic, mechanistic across the board reduction of the fees requested. In issuing this portion of the Award, the Arbitrator wholly ignored evidence that demonstrates that the asserted unsuccessful claims were related to Plaintiff's successful hostile work environment claim under the New York City Human Rights Law, for which she was awarded money damages.

**WHEREFORE,** Plaintiff respectfully requests that the Arbitrator's rulings be vacated or modified, in part, as follows:

- Plaintiff respectfully requests that the following portions of the Arbitrator's Award be vacated: Defendant Pier 59 shall pay the Plaintiff the sum of $10, 459.39 in attorneys' fees and costs.

- Plaintiff respectfully requests modifications to this portion of the Award, which include the following proposals:

    • Defendant Pier 59 shall pay the Plaintiff the sum of $7,991.69, which represents the attorneys' fees accrued in connection with the filing of Plaintiff's counsels' fee application;

    • Defendant Pier 59 shall pay the Plaintiff the sum of $22,418.24 in costs, plus nine percent interest.

    • The balance of Plaintiff's fee application of $196,425.86, should be subject to a reasonable across the board reduction of thirty-five percent. Thus, Defendant Pier 59 shall pay the Plaintiff the sum of $127,676.81.

- Plaintiff respectfully requests that the rulings of the initial Award be confirmed, which includes the following:

    • Defendant Pier 59 shall pay Plaintiff the sum of $5,000;

- The Administrative Fees and Expenses of the American Arbitration Association shall be borne on Defendants; and the

- Defendants shall reimburse Plaintiff the sum of $200, representing that portion of said fees and expenses in excess for the apportioned costs previously incurred by the Plaintiff.

Plaintiff requests the foregoing relief, together with any grant of such other and further relief as the Court deems appropriate.

Dated: June 27, 2014
       New York, New York

_____/s/_____
Alan Serrins